## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angela Ann Briggs, )<br><br>Plaintiff, )<br><br>v. )<br><br>Frank Bisignano, Commissioner of Social )<br>Security )<br><br>Defendant. )<br>_____ ) | Civil Action No. 4:24-7520-RMG |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on August 5, 2025, recommending that the Commissioner's decision be affirmed. (Dkt. No. 31). The Magistrate Judge gave the parties notice that they had a right to file written objections to the R & R within 14 days of the R & R, and that the failure to file objections would result in clear error review and a waiver of the right to appeal the district court's decision. (Dkt. No. 31-1). No objections were filed to the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Discussion

Plaintiff asserts that she has been disabled under the Social Security Act since her reported onset date of September 10, 2019.  Plaintiff was 45 years old at the time of her application for Social Security benefits and turned 50 years of age on March 9, 2024.  Plaintiff was administratively denied disability benefits and appealed the adverse decision to an Administrative Law Judge (ALJ).  The ALJ, after conducting an evidentiary hearing, found that Plaintiff suffered from multiple severe physical impairments, including degenerative disc disease of the cervical spine, degenerative joint

disease of the bilateral shoulders, fibromyalgia, bilateral carpal tunnel syndrome post right sided release, osteoarthritis, meniscus tear of the left knee and obesity. (Dkt. No. 11-2 at 19-20). Despite these severe impairments, the ALJ found that Plaintiff retained the residual functional capacity to perform less than the full scope of sedentary work. (*Id*. at 21). Upon completion of internal agency review of the ALJ's decision, it became the decision of the Commissioner.

Under Social Security regulations and rules, a claimant with a residual functional capacity limited to sedentary work and 50 years of age or greater is generally considered disabled under the Social Security Act. 20 C.F.R. Part 404, Subpart P, Appendix 2 § 201.14; § 404.1563. On the other hand, a claimant who is limited to sedentary work and is less than 50 years of age is not disabled if there are jobs existing in significant numbers in the national economy that the claimant could perform. Appendix 2 § 201.21.

The ALJ found, based upon the testimony of a Vocational Expert, that there were multiple jobs in the national economy which Plaintiff could perform notwithstanding her limitation to sedentary work. (Dkt. No. 11-2 at 29-30). As a consequence of this finding, the ALJ concluded that Plaintiff was not disabled under the Social Security Act from her onset date of September 10, 2019 until March 8, 2024, the last day before she turned 50 years old. (*Id*.). The ALJ went on to find that upon turning 50 years old on March 9, 2024, the Claimant was disabled under the Social Security Act because as of that date her limitation to sedentary work required a finding of disability. (*Id*. at 30).

Plaintiff appealed the denial of her Social Security disability benefits prior to March 9, 2024 to this Court. The Magistrate Judge, after carefully reviewing the record and applicable law,

recommended that the Court affirm the Commissioner's decision. (Dkt. No. 31). Plaintiff filed no objections to the R & R.

The Court reviewed the relevant record and applicable rules and regulations of the Social Security Administration and has concluded that the Magistrate Judge capably reviewed the relevant record in this matter and correctly concluded that the Commissioner's decision should be affirmed. The regulations of the Social Security Administration provide a clear line of demarcation for claimants 50 years and older whose impairments limit them to only sedentary work and produce a different result based on nothing more than the advancement to 50 years of age. For claimants less than 50 years of age with a residual functional capacity limited to sedentary work, a disability application can be denied if there are positions available in the national economy that the claimant could perform. The ALJ identified three separate positions Plaintiff could perform notwithstanding her limitation to sedentary work, (Dkt. No. 11-2 at 29-30), and this provides substantial evidence to support the Commissioner's decision of no disability prior to March 9, 2025.

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 31) and **AFFIRMS** the decision of the Commissioner. Plaintiff is disabled under the Social Security Act on and after March 9, 2025 but is not disabled prior to that date.

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 21, 2025